```
              UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARK KERMIT BENNETT,            :   CIVIL NO. 4:06-CV-1998
                                :
          Petitioner            :   (Judge Jones)
                                :
     v.                         :   (Magistrate Judge Smyser)
                                :
GERALD ROZUM, ET AL.,           :
                                :
          Respondents           :
```

## REPORT AND RECOMMENDATION

This is a 28 U.S.C. § 2254 habeas corpus petition. The petitioner is Mark Kermit Bennett. The petitioner was convicted of criminal conspiracy to commit homicide in the Court of Common Pleas of Dauphin County on June 13, 2002. He has filed a 28 U.S.C. § 2254 petition for a writ of habeas corpus, claiming that his conviction in state court is in violation of his federally protected rights.

On May 27, 2000, Marjorie Raymonds was found lying on a Harrisburg street with a bullet in her head. She died shortly after that. After the passage of about six months, the petitioner and Marvin Robinson were charged with the homicide of Marjorie Raymonds. The evidence presented at trial of the petitioner's participation in the planning and execution of the murder of Marjorie Raymonds was in part the testimony of Maria Tate, a drug user, who was with Raymonds when Raymonds was shot. She testified that the petitioner was a drug dealer who had berated Raymonds, a drug user, earlier in the day on which

she was shot, for not paying a drug debt and that she (Tate) and Raymonds were later that night standing at the passenger side of a car driven by Marvin Robinson in which the petitioner was seated in the front passenger seat.  Tate testified that a handgun was on the front passenger seat of the car.  She looked away from Raymonds, Robinson and petitioner Bennett.  She heard the explosive sound of a gun being fired.  When she looked back, Raymonds was lying on the pavement and the car sped away.

In this habeas corpus petition, the petitioner claims in his first claim that his federally protected rights were violated in the process leading to his conviction and sentencing in that the trial judge erroneously misconstrued the jury's verdict and sentenced him according to the misconstrued verdict to a sentence that was unduly severe and punitive in violation of his rights to due process and equal protection. He asserts that the jury did not convict him of conspiracy to commit murder, but that the trial judge proceeded with sentencing as though he had been convicted of such an offense.

The petitioner claims, secondly, that the trial judge erred in sustaining the prosecution's objection on hearsay grounds to the admission of evidence of a call after the shooting made anonymously to (Emergency Number) **911** which

described the caller's observation of the shooting in a way that materially contradicted Maria Tate's testimony.

He presents a third claim that all prior counsel were ineffective and failed to recognize, raise and advance issues.

He presents a fourth claim that the trial court did not correctly instruct the jury.

The petitioner acknowledges that the first and the fourth claims have been procedurally defaulted, and he does not attempt to justify or excuse the default by way of a "cause and prejudice"[1] argument, but does assert that counsel was ineffective in not pursuing the grounds on appeal.

The second claim, that there was error in the trial court's ruling on hearsay grounds to exclude evidence of the **911** call, was not presented throughout the state court proceedings as a claim of a violation of a federally protected right. Rather, it was presented as a claim of an erroneous evidentiary ruling under state law. Here, in this habeas corpus petition, the petitioner asserts that the evidentiary ruling produced a trial that was fundamentally not fair.

---

1.  *See, p. 10, infra.*

The petitioner's third claim, that of the ineffective assistance of counsel, as it was presented in state court, in the appeal to the Pennsylvania Superior Court from the denial by the petitioner's Post Conviction Relief Act petition, was stated as a claim that counsel had failed to pursue an appeal as to most of the issues requested by the convicted client and accordingly failed to protect the petitioner's right to appeal.

After an evidentiary hearing in this court on October 24, 2007 in which the petitioner was represented by appointed counsel, and in consideration of the briefs filed[2] in this case and the record, we now conclude that the petitioner has not presented any claim of a violation of a federally protected right in a procedurally correct posture to the Pennsylvania Superior Court or to the Pennsylvania Supreme Court. The petitioner does not any longer have any right under state law to raise in state court any of the questions by any available procedure that he seeks to raise in this petition. He has procedurally defaulted the four claims that he seeks to present to the federal court by this petition.

The transformation of claims presented and adjudicated as state law issues in state court into claims of a violation of a federally protected right is not permissible. The

---

2. Briefs in support of the petition were filed on 1/25/07, 6/22/07, 8/23/07 and 11/2/07. Briefs in opposition to the petition were filed on 12/5/06, 7/30/07 and 11/13/07.

exhaustion requirement requires that the same claim, same factual basis and same legal theory, must have been presented in state court.  A petitioner may not circumvent the exhaustion requirement of the statute by remaking a claim of a violation of state law into a claim of a violation of a federally protected right because the comity and federalism concerns that underlie the exhaustion requirement seek to preserve the initial adjudication of federal claims by state courts.

The text of 28 U.S.C. § 2254 is as follows:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

>    (A)  the  applicant  has  exhausted  the  remedies available in the courts of the State; or

>    (B)(i)  there  is  an  absence  of  available  State corrective process; or

>    (ii) circumstances exist that render such process ineffective  to  protect  the  rights  of  the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

5

>     (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

>>     (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>>     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

>>     (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--

>>>         (A) the claim relies on--

>>>>             (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

>     > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
>     (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(f) If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination. If the applicant, because of indigency or other reason is unable to produce such part of the record, then the State shall produce such part of the record and the Federal court shall direct the State to do so by order directed to an appropriate State official. If the State cannot provide such pertinent part of the record, then the court shall determine under the existing facts and circumstances what weight shall be given to the State court's factual determination.

(g) A copy of the official records of the State court, duly certified by the clerk of such court to be a true and correct copy of a finding, judicial opinion, or other reliable written indicia showing such a factual determination by the State court shall be admissible in the Federal court proceeding.

(h) Except as provided in section 408 of the Controlled Substances Act, in all proceedings brought under this section, and any subsequent proceedings on review, the court may appoint counsel for an applicant who is or becomes financially unable to afford counsel, except as provided by a rule promulgated by the Supreme Court pursuant to statutory authority. Appointment of counsel under this section shall be governed by section 3006A of title 18.

(i) The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.

A state prisoner must, before filing a petition for habeas corpus in federal court, exhaust the remedies that are available under state law and through state judicial procedures to correct a violation of the prisoner's federally protected rights that has resulted in the prisoner's incarceration. 28 U.S.C. § 2254(b) and (c).  State courts have the duty to enforce federally protected rights in state criminal proceedings.  In conjunction with the enforcement and administration of state laws, the exhaustion requirement serves the interests of comity between the federal and state justice systems.  Given the potentially complex and case specific interplay between state and federal legal principles, it is most sensible and orderly to ascertain that the state has had an initial opportunity to determine and correct any violations of a prisoner's federal rights in a state criminal proceeding. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)( "Comity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief.").  "The exhaustion rule also serves the secondary purpose of facilitating the creation of a complete factual record to aid the federal courts in their review." *Walker v. Vaughn*, 53 F.3d 609, 614 (3d Cir. 1995).

A habeas corpus petitioner bears the burden of demonstrating that he has exhausted state remedies. *O'Halloran v Ryan*, 835 F.2d 506, 508 (3d Cir. 1987).  In order to exhaust state remedies for federal habeas corpus purposes, a petitioner must show that he has fairly presented his claim to the state courts.  *Picard v. Connor*, 404 U.S. 270, 278 (1971).  For a claim to have been fairly presented to the state's judiciary both the legal theory and the facts supporting the claim must have been presented to the state courts in a procedurally correct manner.  *O'Halloran*, *supra,* 835 F.2d at 508.  After a criminal conviction, the claim must have been presented to the trial court as authorized under the applicable procedural rules.  Further, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan, supra,* 526 U.S. at 845.

In Pennsylvania, pursuant to Order 218 of the Pennsylvania Supreme Court, review of criminal convictions and post-conviction relief matters from the Pennsylvania Supreme Court is discretionary and "unavailable" for purposes of exhausting state court remedies under § 2254(c).  *Lambert v. Blackwell,* 387 F.3d 210, 233 (3d Cir. 2004).

The habeas petitioner must have exhausted his state judicial remedies as to each of his federal claims.  If a

habeas corpus petition contains both exhausted and non-exhausted claims, the petition must normally be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 515-20 (1982). However, an application for a writ of habeas corpus may be denied on the merits notwithstanding the failure of the petitioner to have exhausted state remedies. 28 U.S.C. §2254(b)(2).

If a claim has not been fairly presented to the state courts but state law clearly forecloses review, and further efforts to obtain a state remedy would be futile, the federal habeas corpus petition is not to be dismissed for lack of exhaustion. *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002); *See also McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999)("When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'"). The claim in such a case is considered to have been procedurally defaulted. A procedural default occurs when a prisoner's claim is barred from consideration in the state courts by an "independent and adequate" state procedural rule. *Id.* A procedurally defaulted claim of a violation of the prisoner's federally protected rights as a general rule may be dismissed, with the exception that it should no be dismissed if a "cause and prejudice" showing is made by the petitioner.

10

Federal courts may not consider the merits of claims that have been procedurally defaulted unless the petitioner establishes "cause" to excuse the default and actual "prejudice" as a result of the alleged violation of federal law or else the prisoner demonstrates that a failure to consider the claim will result in a fundamental "miscarriage of justice." *Id.*

Any second Post Conviction Relief Act petition filed by petitioner would be untimely.  *See 42 Pa.C.S.A.§9545(b) (petition must be filed within one year of the date judgement becomes final)*. There are not any state remedies left for the petitioner to exhaust.  We conclude that the petitioner has procedurally defaulted each of his claims.  The petitioner has not shown cause[3] and prejudice or a fundamental miscarriage of justice to excuse the default.

---

3.   To establish "cause" for a procedural default, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule." *Werts v. Vaughn*, 228 F.3d 178, 193 (3d Cir. 2000)(quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  Ineffective assistance of counsel may meet this standard but only if the ineffective assistance of counsel claim has been exhausted in the state courts as an independent claim.  *Id.*  In the instant case, the petitioner can not establish ineffective assistance of counsel as cause for his failure to present his defaulted claims to the Pennsylvania courts because the petitioner has not exhausted such ineffective assistance claims in state court.  *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000)(holding that "a procedurally defaulted ineffective-assistance-of-counsel claim can serve as cause to excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself.").  Moreover, since there is no Sixth Amendment right to representation during a collateral challenge to a conviction, the ineffectiveness of PCRA counsel can not serve as cause for a procedural default.  *Cristin v. Brennan*, 281 F.3d 404, 420 (3d Cir. 2002).

Each of the petitioner's claims is procedurally defaulted, with the arguable exception of the claim that was presented by petitioner Bennett in his appeal to the Pennsylvania Superior Court from the denial of his PCRA petition.  The claim that was presented to the Pennsylvania Superior Court on appeal from the denial of his PCRA petition was that the petitioner had been denied his right to a direct appeal in that his attorney had pursued in briefing the appeal only one of the eight claims originally asserted in the Pa.R.A.P. 1925 statement.

The claim of a denial of the right to appeal, which the petitioner raised and exhausted in state court in the PCRA proceeding, is not the same claim as the claim that the Sixth Amendment right of the petitioner to the effective assistance of counsel was violated by counsel's decision to brief and argue only of one of the petitioner's eight putative appellate issues.

The petitioner takes the position that it is the same claim, and does not argue a cause-and-prejudice justification for considering the Sixth Amendment claim.  We do not agree that it is the same claim.  Accordingly, the claim is properly dismissed pursuant to the statutory exhaustion provisions and the absence of a cause-and-prejudice showing.

Assuming for the sake of discussion that the ineffective assistance of counsel claim was exhausted in state court as a claim of a violation of a federally protected right, we conclude that there is not a basis for a finding that the decision of trial counsel to appeal on the basis of only the trial court ruling excluding the evidence of the **911** call was not an objectively reasonable decision by counsel.

A claim of ineffective assistance of counsel requires a two part analysis.  First, the petitioner must establish that counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 688 (1984).  There is a strong presumption that counsel's conduct falls within the range of reasonable professional assistance. *Nix v. Whiteside*, 475 U.S. 157, 165 (1986).  Counsel's performance should be viewed from counsel's perspective at the time without the distorting effects of hindsight. *Duncan v. Morton*, 256 F.3d 189, 200 (3d Cir. 2001).  Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. *Strickland, supra,* 466 U.S. at 687.  To establish prejudice the petitioner must show that there is a reasonable probability that but for counsel's errors the result of the proceeding would have been different. *Id.* at 694.

We do not find a basis to have been presented here for a determination that counsel's performance fell below an objective standard of reasonableness.

The petitioner argues that the decision made by counsel to decline to brief the eight claims of trial error was not based upon an objectively reasonable exercise of attorney professional judgment.

The petitioner's trial counsel has stated in this Section 2254 habeas corpus proceeding that he decided to pursue a single issue in briefing the appeal from petitioner's conviction to the Superior Court of Pennsylvania because he considered that one issue to be the one issue that could have possible merit on appeal and because he determined that the other issues lacked merit.  He felt that the presentation of issues lacking merit was likely to make the one issue that had possible merit appear weaker.  Joint Stipulation of Fact Relating to the Testimony of Bryan S. Walk, Esquire (Doc. 25).  We do not find a basis to have been shown upon which to conclude that this determination was not objectively reasonable. The petitioner argues that the collective effect of the evidentiary rulings (Rule 1925(b) Statement issues nos. 1, 2, 3, 4 and 5) was to prevent the defendant from showing Maria Tate's lack of credibility.  Upon examination and consideration of the issues and of the trial transcript, we do not think that

14

a reliable inference can be drawn that counsel had cause to believe that Maria Tate's testimony would be seen by the appellate court to have received more weight than it should have if all of the issues had been presented.  Rather, we think, the appellate court exercising the appropriate standard of review would have assumed that the jury found Maria Tate to be credible.  Counsel might well have reasoned that if the appellate court were to be asked to directly consider the evidentiary rulings concerning the retracted, partial admissions of the petitioner and co-defendant Robinson, which admissions placed both men in the area of the killing, and were to consider the admissibility of the petitioner's later drug dealing, and if the court were to decide that none of those issues was meritorious for the petitioner, a finding of harmless error as to the **911** call issue would be more likely in the event that error were to be found in the ruling excluding the arguably exculpatory anonymous **911** call reporting the murder.

   The petitioner asserts that he has presented a compelling claim of actual innocence.  (Doc. 25, page 3).  No new evidence has been mentioned.  Even assuming as the petitioner asserts that the evidence was not strong, that does not equate to actual innocence.  If Maria Tate was credible to the jury, furthermore, the evidence was not weak.  She was an eyewitness to most of the episode of the murder, and her account supplied

15

a plausible explanation of how and why the victim was killed. There was sufficient evidence presented to support a conviction of conspiracy to commit a homicide, assuming that Maria Tate was credible, and the jury did ostensibly find her credible and did convict.  There is not a case for a finding of actual innocence presented.

For the foregoing reasons, it is recommend that the petition for writ of habeas corpus be denied.


>                                        ***/s/ J. Andrew Smyser***
>                                        J. Andrew Smyser
>                                        Magistrate Judge

Dated:   November 16, 2007.