IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK KERMIT BENNETT, | : | No. 4:06-cv-1998 |
| Petitioner, | : | |
| | : | (Judge Jones) |
| v. | : | |
| | : | (Magistrate Judge Smyser) |
| GERALD ROZUM, *et al.*, | : | |
| Respondents | : | |

## MEMORANDUM

April 8, 2008

This matter is before the Court on the application of Petitioner Mark Kermit Bennett for a certificate of appealability. (Doc. 49.) Bennett seeks to appeal the denial of his petition for a writ of habeas corpus. For the reasons set forth below, the Court will not grant a certificate of appealability.

## I. BACKGROUND

Bennett filed his § 2254 petition on October 11, 2006, raising four grounds for relief: (1) that his due process rights were violated when the trial court convicted him of conspiracy to commit murder when the jury returned only a verdict of guilty to conspiracy "in general"; (2) that he was denied due process when that trial court refused to allow the defense to introduce records of a 911 call; (3) that he was denied the effective assistance of counsel when his counsel failed to

1

raise issues on appeal; and (4) that he was denied due process when the trial court misled the jury during the charge to the jury and during jury deliberations. (Doc. 1; Doc. 21 at 9.)

On November 16, 2007, the Magistrate Judge entered a report which recommended that Bennett's petition be denied. (Doc. 40.) The report concluded that all four of Bennett's habeas claims are procedurally defaulted. The report also concluded that Bennett has not proven actual innocence so as to excuse his procedural default. Alternatively, the report concluded that Bennett's third claim, ineffective assistance of counsel, is without merit.

By order of April 1, 2008 (Doc. 48), the Court adopted the report and recommendation in part and denied Bennett's petition. The Court held that Bennett's first, second, and fourth claims are procedurally defaulted and that his third claim is without merit. (*See* Doc. 47.) Bennett requests a certificate of appealability to seek review of this order.

## II. STANDARD OF REVIEW

Under Federal Rule of Appellate Procedure 22(b), the petitioner in a habeas corpus proceeding cannot take an appeal unless a certificate of appealability ("COA") is issued pursuant to 28 U.S.C. § 2253(c). Section 2253(c) provides that

a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When the district court addresses the merits of a petitioner's claim, to obtain a COA, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Id.* at 338 (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). However, "a COA does not require a showing that the appeal will succeed." *Id.* at 337-38. "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 338 (quoting *Slack*, 529 U.S. at 484).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. This test has two components – "one directed at the underlying constitutional claims and one directed at the district court's procedural holding" – both of which must be met before a COA will issue. *Id.* at 484-85.

## III. DISCUSSION

### A. Procedurally Defaulted Claims

The Court found that Bennett's first, second, and fourth claims are procedurally defaulted. No reasonable jurist would find this holding debatable, and therefore, no COA will issue as to these claims.

Bennett concedes that his first and fourth claims are procedurally defaulted, and so there is no debate about that conclusion. In objecting to the Magistrate Judge's report, Bennett made only a conclusory argument that his second claim regarding the exclusion of the 911 call was not defaulted. This claim was plainly presented to the state courts solely as an evidentiary error, never as a constitutional claim. Bennett did not fairly present a due process claim based on the exclusion of the 911 call to the state courts, and therefore, clearly procedurally defaulted this

claim. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). The Court's procedural holdings in this case are not debatable, and no COA will issue.

Similarly, jurists of reason would not debate the conclusion that Bennett failed to excuse these procedural defaults. Bennett did not argue cause and prejudice, nor would any be found in this case. Further, Bennett fell well short of the high burden required to demonstrate that a fundamental miscarriage of justice would result from the Court's procedural holding. Bennett presented no new, credible evidence to support his claim of actual innocence. The only new evidence relied upon, the record of the 911 call that Bennett alleges was improperly excluded from trial, is wholly unreliable. Further, even if the 911 call were considered, Bennett has not shown that no reasonable juror would have voted to find him guilty. The vague 911 call does little to demonstrate Bennett's actual innocence in light of the substantial evidence presented by the Commonwealth which supports the jury's guilty verdict. No COA will be granted regarding Bennett's actual innocence claim.

### B. Ineffective Assistance of Counsel

Bennett's claim of ineffective assistance is that his appellate counsel raised only one of eight possible issues on direct appeal. The state courts rejected this claim, finding that Bennett had failed to show that counsel lacked a reasonable

basis for his action or resulting prejudice. At the evidentiary hearing on his habeas petition, Bennett's counsel testified that he raised only one issue on appeal because this issue was most likely to succeed and the other issues lacked merit. Given the clear and longstanding precedent that the "process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy," *Smith v. Murray*, 477 U.S. 527, 536 (1986), no jurist of reason would debate the Court's holding that the state courts' rejection of Bennett's ineffective assistance claim is not contrary to or an unreasonable application of federal law.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Bennett's application for a certificate of appealability. No COA will be issued as to any claim.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Petitioner's Application for Certificate of Appealability (Doc. 49) is DENIED.

John E. Jones III
United States District Judge